Theresa BUTLER, Individually and as Administratrix of the Estate of John B. Mihaly, Deceased, Plaintiff,

v.

COITSVILLE TOWNSHIP POLICE, DEPARTMENT, et al., Defendants.

No. 4:99–CV–2689.

United States District Court, N.D. Ohio, Eastern Division.

April 17, 2000.

John C. Pfau, Pfau, Pfau & Marando, Youngstown, OH, for Theresa Butler, Individually and as Administratrix of the Estate of John B. Mihaly, plaintiff.

Daniel J. Funk, Baker, Dublikar, Beck, Wiley & Mathews, Canton, OH, Gregory A. Beck, James F. Mathews, Baker, Dublikar, Beck, Wiley & Mathews, Canton, OH, for Coitsville Township Police Department, G.W. Hahn, Michael Morris, Coitsville Township Bd. of Trustees, Keith Brown, defendants.

Constance E. Pierce, Thomas N. Michaels, Office of the Prosecuting Attorney, Youngstown, OH, for Mahoning County Sheriff's Department, Phil Chance, Mahoning County Commissioners, defendants.

Thomas N. Michaels, Office of Prosecuting Atty., Youngstown, OH, for Joseph Partlow, Emmett Meade, Christine L. Malizia, Bruce Wills, Bernard Vanden Bosch, David Veal, Jerald Crump, defendants.

## OPINION

GWIN, District Judge.

With this opinion, the Court rules on the motions for summary judgment filed by the defendants. In this civil rights action, Plaintiff Theresa Butler, both individually and for the estate of decedent John Mihaly, claims that the defendant law enforcement officers and government entities violated Mihaly's constitutional rights during his arrest and detention in 1998.[1] She brings her action under 42 U.S.C. § 1983.

On March 20, 2000, Defendants Mahoning County Board of Commissioners, Mahoning County Sheriff's Department, Past

---

1. The plaintiff's complaint also asserts claims under 42 U.S.C. § 1985, § 1986, and § 1988. However, the plaintiff has offered no evidence or argument in support of these claims in response to the defendants' motions for summary judgment. The plaintiff has thus apparently abandoned these claims. Accordingly, the Court grants judgment to the defendants on these claims.

Sheriff Phil Chance, Joseph Partlow, Emit Meade, Christine Malizia, Bruce Wills, Barend Vanden Bosch, David Veal, and Jerald Crump (the "Mahoning County Defendants") filed a collective motion for summary judgment as to the plaintiff's § 1983 and related state-law claims [Doc. 33]. On that same date, Defendants Coitsville Township Board of Trustees, Coitsville Township Police Department, G.W. Hahn, Michael Morris, and Keith Brown (the "Coitsville Township Defendants") also filed a collective motion for summary judgment on the plaintiff's claims [Doc. 34].

With their motions, the defendants say the plaintiff has failed to offer any material evidence to support her allegations that the defendants violated Mihaly's civil rights. The defendants also argue that they are entitled to judgment on the plaintiff's state-law claims because they are immune from liability under Ohio law.

For the reasons set forth below, the Court finds that no genuine issues of material fact exist regarding the plaintiff's § 1983 claims and that the defendants are entitled to judgment as a matter of law. Lacking a pending federal claim, the Court declines to exercise supplemental jurisdiction over the plaintiff's related state-law claims.

## I. Background

The present action stems from the November 1998, arrest and subsequent death of John Mihaly. The plaintiff alleges that after taking Mihaly into their custody on that date, the defendant law enforcement officers both physically abused Mihaly and failed to obtain the medical assistance he needed because of his severely intoxicated condition.

In the early morning hours of November 5, 1998, Defendant Michael Morris, a sergeant with Defendant Coitsville Township Police Department, stopped Mihaly's vehicle after seeing Mihaly swerve his pick-up truck outside his driving lane on three occasions. While questioning Mihaly, Sgt. Morris detected a profound odor of alcohol. He also noted that Mihaly had trouble speaking and could not stand without support. Though Mihaly refused to submit to any sobriety tests, Sgt. Morris concluded that Mihaly was driving under the influence of alcohol and placed him under arrest.

After processing the arrest at the Coitsville Township police station, Sgt. Morris transported Mihaly at approximately 3:52 a.m. to the Mahoning County Jail. At this point, officers with the Mahoning County Sheriff's Department took custody of Mihaly. Upon completing the intake and booking procedures, Mihaly was placed in his detention cell.

At approximately 9:00 p.m. that evening and more than seventeen hours after Mihaly came into the custody of Mahoning County, Mihaly suffered an alcohol withdrawal seizure in his cell. During this seizure, Mihaly fell from a standing position and suffered a head injury. Mihaly was immediately taken to the hospital, where he died three days later.

On November 4, 1999, the plaintiff filed the present action. In her complaint, the plaintiff makes claim under 42 U.S.C. § 1983, alleging that the defendants violated Mihaly's civil rights under the Fourth and Fourteenth Amendment. Specifically, the plaintiff says that the nature of Mihaly's head injuries suggests that the defendant law enforcement officers battered Mihaly at some point during his arrest and detention. Further, the plaintiff says the defendant law enforcement officers placed Mihaly in his cell without seeking medical assistance, by that ignoring the serious health risks associated with Mihaly's severe intoxication. According to the plaintiff, the defendant government entities are also responsible for this indifference to Mihaly's medical needs because of their failure to adequately train the defendant law enforcement officers.

Both the Mahoning County Defendants and the Coitsville Township Defendants

have filed motions for summary judgment. The Court now considers these motions.

## II. Summary Judgment Standard

A court may grant summary judgment only if the materials properly before the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *See 60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). In deciding whether the moving party has met this burden, a court must view the facts and all inferences drawn therefrom in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

A factual dispute precludes summary judgment only if it is material, that is, if it relates to a matter essential to adjudication. The dispute must concern facts that, under the substantive law governing the issue, might affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The factual dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the nonmoving party. *See id.* at 248, 106 S.Ct. 2505. The disputed issue does not have to be resolved conclusively in favor of the nonmoving party, but that party is required to present significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial. *See 60 Ivy Street*, 822 F.2d at 1435 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. In-*

*dus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Thus, the judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue a proper jury question. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *60 Ivy Street*, 822 F.2d at 1436 (quoting *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505). Accordingly, viewing the evidence in the light most favorable to the nonmoving party, the court should determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251, 106 S.Ct. 2505.

## III. 42 U.S.C. § 1983

Congress enacted 42 U.S.C. § 1983 to provide redress to individuals who suffer a deprivation of a federal right at the hands of one exercising state power. Thus, to prevail in an action under § 1983, a plaintiff must establish that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. *See Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir.1998).

Here, the plaintiff argues that the defendants deprived John Mihaly of his rights under both the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment.[2] In response, the defendants say the plaintiff has failed to offer any material evidence supporting these allegations. As explained below, the Court finds that the plaintiff's allegations lack sufficient evidentiary support to withstand summary judgment.

---

2. In her complaint, the plaintiff also references the First, Fifth, and Eighth Amendments. The plaintiff offers no argument or evidence to support a § 1983 claim based on the violation of these amendments. The Court therefore considers these claims abandoned.

### A. Excessive Force

█ The plaintiff first alleges that the defendant law enforcement officers violated Mihaly's constitutional rights by battering him at some point during either his arrest or detention. In particular, the plaintiff says one of the defendant law enforcement officers fractured Mihaly's skull before his fall.

█ The Fourth Amendment's prohibition on unreasonable seizures means that an ordinary citizen is to be free from the use of excessive force during an arrest. *See Graham v. Connor,* 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Similarly, the Due Process Clause of the Fourteenth Amendment prohibits prison officials from subjecting a pretrial detainee to excessive force. *See Bell v. Wolfish,* 441 U.S. 520, 535–39, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) (finding that Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment).

In support of her argument that Mihaly was struck in the head before his fall, the plaintiff offers expert affidavits from Dr. David Rigle and Dr. Frank Peretti. In his affidavit, Dr. Rigle states that the type of head injury suffered by Mihaly is not typically associated with an ordinary fall.

Dr. Peretti goes further and opines that Mihaly's head injury did not result solely from his fall. According to Dr. Peretti, Mihaly suffered two skull fractures. Although he believes that one of these fractures resulted from Mihaly's fall, Dr. Peretti says that the fracture to the basilar area of Mihaly's skull occurred at some point before his fall.

The plaintiff argues that Mihaly's basilar fracture resulted from blunt force applied by a defendant law enforcement officer from either Defendant Coitsville Township Police Department or Defendant Mahoning County Sheriff's Department. The plaintiff offers alternative arguments for imposing liability on an officer from each department. Neither argument is availing.

The plaintiff first says that a defendant law enforcement officer from Defendant Coitsville Township Police Department is responsible for the alleged battery. The plaintiff relies upon Dr. Peretti who has estimated that Mihaly's basilar fracture occurred before his incarceration. Alternatively, the plaintiff argues that a defendant law enforcement officer from Defendant Mahoning County Sheriff's Department battered Mihaly because Sgt. Morris has stated that Mihaly suffered no head injuries before he took Mihaly to the Mahoning County Jail.

However, the plaintiff offers no evidence suggesting that Mihaly's basilar skull fracture resulted from the application of blunt force. Other than to say the fracture is inconsistent with Mihaly's fall, Dr. Peretti offers no explanation about what event caused the basilar skull fracture. Nor does Dr. Rigle suggest Mihaly's injuries resulted from an assault. He merely notes that such injuries are generally associated with more serious falls.

In contrast, the defendants offer the testimony of two experts who agree that Mihaly's injuries resulted from his fall. In his autopsy report, Dr. Jesse Giles, a Mahoning County Deputy Coroner, opined that Mihaly's injuries were consistent with a "single hard blow of a moving head onto a broad surface...." Dr. John Conomy concurs, stating that Mihaly fractured his skull solely in the fall. Even Dr. Rigle, the plaintiff's expert, agrees that Mihaly's injuries resulted from a single episode of trauma.

Further, Mihaly himself disavowed any claim that anyone had assaulted him. Rebekah Jamison, a deputy sheriff with the Mahoning County Sheriff's Department, states that while she guarded him in the hospital following his fall, Mihaly told her that he had not been involved in any altercation in the jail.

Consequently, the Court finds that a reasonable jury could not conclude that any of the defendant law enforcement officers battered Mihaly. Accordingly, the Court grants summary judgment to the defendants on the plaintiffs excessive force claim under § 1983.

### B. Failure to Provide Medical Assistance

█ The plaintiff next alleges that the defendants violated Mihaly's constitutional rights by failing to provide him adequate medical assistance. Specifically, the plaintiff says an alcohol withdrawal seizure triggered Mihaly's fall. They could have averted this seizure, according to the plaintiff, had one of the defendant law enforcement officers sought medical assistance upon observing Mihaly's highly intoxicated state. The plaintiff also alleges that the defendant law enforcement officers' failure to seek medical assistance for Mihaly resulted from the defendant government entities' failure to provide adequate training.

█ The Due Process Clause of the Fourteenth Amendment gives pretrial detainees the same rights as provided to convicted prisoners under the Eighth Amendment. *See Bell,* 441 U.S. at 545, 99 S.Ct. 1861; *Barber v. City of Salem,* 953 F.2d 232, 235 (6th Cir.1992). The Supreme Court has held that deliberate indifference to the serious medical needs of a prisoner is a violation of the Eighth Amendment. *See Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). As a result, a pretrial detainee also has a limited right to medical assistance while in custody.

█ To establish a violation of the right to adequate medical assistance, a pretrial detainee must show that a government actor, acting with deliberate indifference, exposed the detainee to substantial risk of serious damage to the detainee's health. *See Farmer v. Brennan,* 511 U.S. 825, 828–29, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The standard for establishing de-

liberate indifference is rather demanding. The detainee must show that the government actor was both aware of the facts from which an inference could be drawn that a substantial risk of serious harm exists and actually drew that inference. *See id.* at 837–38, 114 S.Ct. 1970. Thus, government actors can avoid liability by proving:

> that they did not know of the underlying facts indicating a sufficiently substantial danger and that they were therefore unaware of a danger, or that they knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent.

*Id.* at 844, 114 S.Ct. 1970.

Here, the plaintiff says the defendant law enforcement officer acted with deliberate indifference regarding Mihaly's medical needs. According to the plaintiff, the defendant law enforcement officers knew that Mihaly was highly intoxicated. The plaintiff further says the defendant law enforcement officers knew that unless he received immediate medical attention, Mihaly would be at great risk of suffering an alcohol withdrawal seizure as his level of intoxication decreased during his incarceration. The plaintiff says the defendants' failure to act considering this knowledge was a violation of Mihaly's due process rights.

The defendants say the plaintiff has offered no evidence showing that they knew either that Mihaly was highly intoxicated or that he was at substantial risk of suffering a serious injury. Concerning Mihaly's level of intoxication, the defendants point out that Mihaly refused to take a blood alcohol content test. They also argue that Mihaly fully cooperated with Sgt. Morris during his arrest. The defendants note the defendant law enforcement officers responsible for completing the intake and booking process at the Mahoning County Jail found Mihaly both coherent and cooperative. Thus, although Mihaly appeared intoxicated, the defendants insist they had

no reason to suspect Mihaly was intoxicated at a dangerously high level.

However, the plaintiff presents evidence from which a reasonable jury could conclude that at least Sgt. Morris knew Mihaly was highly intoxicated. In his police report, Sgt. Morris states that Mihaly's eyes were red and glassy and that Mihaly slurred his verbal responses to the point of incoherence. Sgt. Morris also notes in his report that Mihaly could barely exit his vehicle, nearly falling twice before he finally steadied himself by leaning on his truck.

Nevertheless, the plaintiff fails to offer any evidence suggesting that any of the defendant law enforcement officers knew that Mihaly's level of intoxication put him at great risk of suffering an alcohol withdrawal seizure in his cell. The plaintiff merely suggests that Mihaly's high level of intoxication made the risk of an alcohol withdrawal seizure so obvious that a jury could reasonably infer the defendants knew and ignored Mihaly's need for medical assistance.

This does not persuade. Mihaly's slurred speech and unsteadiness did not make the potential of an alcohol seizure so obvious that a reasonable jury could surmise that Sgt. Morris or any of the other defendant law enforcement officers acted with deliberate indifference. Though he may have appeared intoxicated, Mihaly never complained of any physical distress. Indeed, during the intake process at the Mahoning County Jail, Mihaly signed a medical form stating that he suffered no medical ailment other than "bad knees." In fact, Mihaly explicitly stated that he typically suffered no ill effects when he ceased drinking alcohol. Mihaly's drunken condition, standing alone, does not allow the inference that the defendant law enforcement officers knew Mihaly was in need of immediate medical assistance to prevent an alcohol withdrawal seizure from occurring nearly twenty hours later.

Consequently, the Court finds that the defendant law enforcement officers are entitled to summary judgment as to the plaintiff's § 1983 claim for violation of Mihaly's constitutional right to due process.

Having granted summary judgment to the individual law enforcement officers, the Court must also grant judgment to the defendant government entities as to the plaintiff's failure to train claim under § 1983. A government entity incurs liability under § 1983 only when its failure to train served as the "moving force" behind an underlying constitutional violation. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *City of Canton v. Harris*, 489 U.S. 378, 391, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (stating that failure to train would not lead to municipal liability unless the plaintiff could prove that "deficiency in training actually caused the police officers' indifference to her medical needs"). Because the Court has found insufficient evidence of any constitutional violation by the defendant law enforcement officers, the defendant government entities cannot be held liable under § 1983 and are therefore entitled to judgment as a matter of law. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point."); *Hancock v. Dodson*, 958 F.2d 1367, 1376 (6th Cir.1992) ("Because the only city police officer present committed no constitutional violation, the city cannot be liable for failure to train its police officers."); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir.1992) (holding that when individual police officer was not deliberately indifferent to detainee's medical needs, the municipality could not be held liable for failing to better train officers to detect such needs).

## IV. Conclusion

The Court grants summary judgment to the defendants regarding the plaintiff's

claims under 42 U.S.C. § 1983. Further, the Court will not exercise supplemental jurisdiction over the plaintiff's state-law claims, and dismisses the same without prejudice.

IT IS SO ORDERED.

### ORDER

The Court has entered its opinion in the above-captioned matter. For the reasons set forth therein, the Court grants summary judgment to the defendants with regard to the plaintiff's claims under 42 U.S.C. § 1983. Further, the Court will not exercise supplemental jurisdiction over the plaintiff's state-law claims, and dismisses the same without prejudice.

This action is hereby terminated pursuant to Fed.R.Civ.P. 58.

IT IS SO ORDERED.